NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| SONIC SUPPLY, LLC, | : | **Hon. Dennis M. Cavanaugh** |
|  | : |  |
| Plaintiff, | : | **OPINION** |
|  | : |  |
| v. | : | Civil Action No. 07-CV-04529 (DMC) |
|  | : |  |
| UNIVERSAL WHITE CEMENT | : |  |
| COMPANY, INC., | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Defendant Universal White Cement Company, Inc. ("Defendant") to transfer venue pursuant to 28 U.S.C. §1391 and 28 U.S.C. §1404. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After carefully considering the submissions of the parties and based upon the following, it is the finding of this Court that venue is transferred from the United States District Court for the District of New Jersey ("District of New Jersey") to the United States District Court for the District of Arizona ("District of Arizona").

I.      **BACKGROUND**[1]

A.      Factual Background

Plaintiff Sonic Supply, LLC ("Plaintiff") is a New Jersey Limited Liability Company that buys construction materials, including cement, and later resells the materials. Plaintiff entered into an agreement in April 2007 to purchase 12,500 metric tons of Portland cement from Defendant (the

---

[1] The facts set-forth in this Opinion are taken from the Parties' statements in their respective moving papers.

"Agreement"). Defendant is an Arizona corporation maintaining its primary place of business at 5610 West Maryland Avenue, Glendale, Arizona 85301. Per the Agreement, Defendant would receive $637,500 to pay for the cement and Plaintiff would receive $25,000 as commission. Plaintiff wired the entire $637,500 to Defendant, who accepted payment in May 2007 pursuant to Defendant's assertions that the cement was available and could be shipped promptly if payment was remitted for the cement. Plaintiff demanded a performance bond and proof of product from Defendant, but Defendant failed to supply either. After Plaintiff remitted payment, Defendant was required to furnish the cement to Plaintiff. Plaintiff made several inquiries regarding the status of the cement order and was told by Defendant that shipment was delayed.  Plaintiff has not received the cement and Plaintiff's attorneys have demanded that Defendant refund Plaintiff the $637,500 paid for the cement. Defendant has not complied with this demand and none of the money has been refunded.

B.    Procedural History

Plaintiff commenced this action on September 21, 2007. Plaintiff filed a Complaint alleging breach of contract, conversion and unjust enrichment. Plaintiff seeks compensatory, consequential and punitive damages. Defendant had until October 29, 2007 to submit an answer, at which time Defendant filed a motion to extend the time to answer until December 28, 2007. Defendant did not answer on December 28, 2007, but rather filed a motion to dismiss for lack of personal jurisdiction and improper venue and a motion for a more definite statement.  Subsequently, Plaintiff filed an Amended Complaint on January 18, 2008 to resolve ambiguities in the original Complaint. On April 1, 2008, this Court denied Defendant's motion to dismiss for lack of personal jurisdiction and improper venue and the motion for a more definite statement as moot because the motions were made pursuant to the original Complaint, which was no longer the operative complaint. This Court

2

also granted Plaintiff and Defendant ten days to submit a brief addressing whether venue should be transferred to the District of Arizona. Plaintiff submitted a brief on April 11, 2008. Rather than submitting a response to the Court's request, Defendant filed a motion to transfer venue to the District of Arizona.

## II.  DISCUSSION

### A.  Venue

In the current case, venue in the District of New Jersey is inappropriate under 28 U.S.C. §1391. First, Plaintiff's choice of forum is improper and fails to satisfy the requirements of 28 U.S.C. §1391(a)(1) because Defendant does not reside in the District of New Jersey. Under 28 U.S.C. §1391(c), a defendant corporation, such as Defendant, "shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." Defendant is not subject to personal jurisdiction in the District of New Jersey and, therefore, cannot be said to reside in the district for purposes of 28 U.S.C. §1391(a)(1).

New Jersey does, however, permit long-arm jurisdiction to the extent that it comports with the Due Process Clause of the Constitution of the United States. See N.J. Ct. R. 4:4-4. Thus, federal courts applying New Jersey's long-arm jurisdiction may assert personal jurisdiction over non-resident defendants to the extent that it is permitted under due process principles. See IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 258-59 (3d Cir. 1998). Here, the exercise of the Court's jurisdiction comports with due process if Defendants have "purposefully directed [their] activities toward residents of the forum state, or otherwise 'purposefully availed [themselves] of the privilege of conducting activities within the forum state thus invoking the benefits and protection of its laws.'" Id. at 259 (internal citations omitted); see also World-Wide Volkswagen Corp. v. Woodson, 444 U.S.

286, 297 (1980); <u>Hanson v. Denckla</u>, 357 U.S. 235, 253 (1958). Furthermore, personal jurisdiction may be exercised under either a general or specific jurisdiction theory. <u>See Remick v. Manfredy</u>, 238 F.3d 248, 255 (3d Cir. 2001).

In order for the District of New Jersey to have specific jurisdiction over Defendant, two requirements must be satisfied. <u>See IMO Indus., Inc.</u>, 155 F.3d 254, 259 (3d Cir. 1998). First, Defendant must have "constitutionally sufficient minimum contacts with [New Jersey]." <u>Toys "R" Us, Inc. v. Step Two, S.A.</u>, 318 F.3d 446, 451 (3d Cir. 2003) (quoting <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 474 (1985)). Second, to satisfy the due process requirements, personal jurisdiction over Defendant must comport with "traditional notions of fair play and substantial justice," such that Defendant "should reasonably anticipate being haled into court in the forum." <u>Id.</u> (internal quotation marks and citations omitted).

In deciding whether Defendant has sufficient minimum contacts, this Court must examine "the relationship among the forum, the defendant, and the litigation," <u>Vetrotex Certainteed Corp. v. Consolidated Fiber Glass Prod. Co.</u>, 75 F. 3d 147, 150 (3d Cir. 1996) (quoting <u>Shaffer v. Heitner</u>, 433 U.S. 186, 204 (1977), to find "some act by which the defendant purposefully avails itself of the privilege of conducting activities within [New Jersey], thus invoking the benefits and protections of its laws." <u>Id.</u> (quoting <u>Hanson</u>, 357 U.S. at 253). "An individual's contract with an out-of-state party alone cannot automatically establish sufficient minimum contacts in the other party's home forum," so Defendant must have more interaction with New Jersey than merely the contract to sell cement to Plaintiff in order for this Court to exercise personal jurisdiction. <u>See Isenberg v. Yanni's Remodeling</u>, No. 07-3646, 2007 U.S. Dist. LEXIS 80899, at *7 (E.D. Pa. Oct. 31, 2007) (quoting

4

Burger King, 471 U.S. at 478).

In the current case, Defendant does not have the necessary contacts with New Jersey sufficient for the exercise of specific personal jurisdiction in New Jersey to be consistent with due process. Plaintiff asserts that Defendant has sufficient minimum contacts with New Jersey because Defendant sent the contract at issue to Plaintiff in New Jersey to be executed and Defendant regularly telephoned and e-mailed Plaintiff in New Jersey regarding the contract. These contacts, however, are insufficient. The United States Court of Appeals for the Third Circuit has held that "informational communications in furtherance of [a contract between a resident and a nonresident] does not establish the purposeful activity necessary for a valid assertion of personal jurisdiction over [the nonresident defendant]." Vetrotrex Certainteed Corp., 75 F. 3d at 152 (quoting Sunbelt Corp. v. Noble, Denton, & Assoc., Inc., 5 F. 3d 28, 32 (3d Cir. 1993)); see also Isenberg at *10. The telephone calls from Defendant to Plaintiff in New Jersey to complete the contract were merely in furtherance of such contract and are not sufficient action by the Defendant to constitute purposeful availment of New Jersey. Likewise, the Third Circuit has also held that phone calls and correspondence to the forum state can only be sufficient to establish minimum contacts for personal jurisdiction when the cause of action arises specifically from those phone calls and other correspondence. See Isenberg, 2007 U.S. Dist. LEXIS 80899, at *10 (citing Grand Entm't Group, Ltd. v. Star Media Sales, Inc., 988 F. 2d 476, 483 (3d Cir. 1993)). The cause of action in the present case did not arise from any of the communications between Defendant and New Jersey, but rather arose from an alleged breach of the contract between the two parties. Therefore, Defendant does not have sufficient contacts to establish specific personal jurisdiction.

Specific personal jurisdiction over an out-of-state defendant must also comport with traditional notions of "fair play and substantial justice." Burger King, 471 U.S. at 476 (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 320 (1945). The Supreme Court of the United States has set-forth a variety of relevant factors to the "fair play and substantial justice" inquiry including "the burden on the defendant," "the forum State's interest in adjudicating the dispute" and "plaintiff's interest in obtaining convenient and effective relief." See id. (quoting World-Wide Volkswagen Corp., 444 U.S. at 292). Here, the exercise of personal jurisdiction over Defendant would offend "fair play and substantial justice" in the District of New Jersey, but not in the District of Arizona. The burden on Defendant, if subject to personal jurisdiction in the District of New Jersey, would be great. Defendant would be unfairly forced to litigate in a forum far from home, a forum of which it did not purposefully avail itself. Personal jurisdiction in the District of Arizona is appropriate because Defendant is an Arizona corporation with all of its offices and facilities in Arizona. Defendant has sought the protection of Arizona's laws and, therefore, could fairly expect to be haled into court in Arizona. The District of Arizona also has a greater interest in adjudicating the dispute than the District of New Jersey because the claims arose out of actions that occurred in Arizona. Defendant's decision to commit the alleged breaches occurred at one of its facilities in Arizona and merely the effects of such decisions were felt in New Jersey. Plaintiff has an interest in obtaining convenient and effective relief of its claims against Defendant. While Plaintiff will have to travel to Arizona to litigate this matter, Plaintiff has not offered any evidence to show that this would be a major inconvenience to its business or that the relief provided by the District of Arizona would be less effective than that offered by the District of New Jersey. Therefore, specific personal jurisdiction in the District of New Jersey

6

is also lacking because it does not comport with notions of "fair play and substantial justice."

Although this Court cannot exercise jurisdiction over Defendant because the "cause of action does not arise out of or relate to the [Defendant's] activities in [New Jersey]," Helicopteros Nacionales de Columbia, S.A. v. Hall et. al., 466 U.S. 408, 414 (1984), it may still exercise general jurisdiction if it finds that Defendant's contacts with the District of New Jersey are "continuous and systematic." Id. at 416. Defendant, however, does not have such contacts with New Jersey as to make the assertion of general jurisdiction by this Court consistent with due process. Defendant is an Arizona corporation, has no offices or manufacturing facilities in New Jersey, does not do business in nor solicit business from New Jersey, does not have an agent or property in New Jersey, nor is it licensed to conduct business in New Jersey. Plaintiff asserts that its contracts with Defendant, as well as Defendant's repeated correspondence with Plaintiff in New Jersey, are sufficient "continuous and systematic" contacts to establish general jurisdiction. The Supreme Court of the United States, however, has upheld general jurisdiction in a case in which a Defendant held an office in the forum State, conducted various business transactions in the State and corresponded *from* the State, not *to* the State. See Helicopteros, 466 U.S. at 415 (citing Perkins v. Benguet Consolidated Mining Co., 342 U.S. 437, 438, 445 (1952)). In Helicopteros, the defendant corporation, like the Defendant in the current case, held no place of business in the forum State nor was licensed to do business in the forum state. See id. at 416. Unlike the Defendant here, the defendant in Helicopteros sent its chief executive officer and other personnel *to* the forum state for contract negotiations and training, yet the Supreme Court still found general jurisdiction to be lacking. See id. Defendant's contacts with New Jersey are even less than those of the defendant in Helicopteros with the forum state and, therefore, general

jurisdiction does not exist over Defendant in the District of New Jersey.

Thus, Defendant is not subject to personal jurisdiction in the District of New Jersey and, therefore, for the purposes of venue selection, is not deemed to reside in the District of New Jersey. Thus, pursuant to 28 U.S.C. §1391(a)(1), the requirements for proper venue are not satisfied.

Second, pursuant to 28 U.S.C. §1391(a)(2), a substantial part of the events or omissions giving rise to the claims must have occurred in the judicial district. See 28 U.S.C. §1391(a)(2). The District of New Jersey is an inappropriate venue because all of the alleged events or omissions giving rise to Plaintiff's claims occurred in Arizona. While the effects of the events giving rise to Plaintiff's claims are felt by Plaintiff in New Jersey, the events giving rise to Plaintiff's allegations occurred in Arizona. Defendant asserts that all of its operations are located in Arizona, meaning that all business decisions are made in Arizona. Therefore, any decisions made by Defendant regarding the contract with Plaintiff were made in Arizona including the decisions to allegedly not ship the cement nor refund Plaintiff's money. Thus, pursuant to 28 U.S.C. §1391(a), Plaintiff fails to meet the requirements for proper venue because the events or omissions that gave rise to the claims did not occur in New Jersey, but rather occurred in Arizona.

Finally, pursuant to 28 U.S.C. §1391(a)(3), venue is proper in a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. See 28 U.S.C.§1391(a)(2). As set forth above, New Jersey does not have personal jurisdiction over Defendants. Thus, 28 U.S.C. §1391(a)(3) is inapplicable.

8

Venue is improper in the District of New Jersey because Defendant does not reside in the District of New Jersey, a substantial part of the events or omissions giving rise to the claims did not occur in the District of New Jersey and Defendant is not subject to personal jurisdiction in the District of New Jersey. Therefore, venue must be transferred.

B.     Transfer of Venue

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Court has broad discretion in deciding whether transfer is warranted and must consider both the public and private interests of the parties. See Plum Tree, Inc. v. Stockment, 488 F.2d 754, 756 (3d Cir. 1973). Although 28 U.S.C. § 1404 expressly includes three factors, the Court may also consider other factors. See SEC v. Page Airways, Inc., 464 F. Supp. 461 (D. D.C. 1978). The public factors to be considered include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious or inexpensive; (3) the relative administrative difficulty in the two fora from court congestion; (4) the local interest in deciding controversies; (5) the public policies of the fora; and (6) in diversity cases, the familiarity of the trial judge with the applicable state law. See id. at 879-80. The private factors include: (1) plaintiff's original choice of forum; (2) the defendant's preference; (3) where the claim arose; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses to the extent that the witnesses may be unavailable for trial in one of the fora; and (6) the location of books and records to the extent that the files cannot be produced in the alternative forum. See Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995) (citations omitted). Generally, a plaintiff's choice of forum is accorded great weight. See Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255 (1981).

Deference to the plaintiff's selected forum may be overcome, however, "if the private and public interest factors clearly point toward trial in an alternative forum." Id.

The presumption favoring a plaintiff's choice of forum is not dispositive of the motion. See Tischio v. Bontex, Inc., 16 F. Supp. 2d 511, 521 (D. N.J. 1998). Plaintiffs' choice of forum is given less weight when transferring venue would result in only negligible inconvenience to the plaintiff. See Oudes v. Block, 516 F. Supp. 13, 14 (D. D.C. 1981). Additionally, a plaintiff's choice is afforded less deference when their choice of forum "has little connection with the operative facts of the lawsuit." Tischio, 16 F. Supp. 2d at 521; see also Am. Tel. & Tel. Co. v. MCI Commc'ns Corp., 736 F. Supp. 1294, 1306 (D. N.J. 1990).

Section 1404 does more than codify the doctrine of *forum non conveniens*; § 1404 permits transfer upon a lesser showing of inconvenience than is required under common law doctrine and it allows the court to exercise broader discretion in transferring the case under the statute than would be permitted under *forum non conveniens*. See Commercial Solvents Corp. v. Liberty Mut. Ins. Co., 371 F. Supp. 247 (S.D.N.Y. 1974). 28 U.S.C. § 1404 is similar to the common law doctrine of *forum non conveniens*, but it authorizes transfers within the federal court system with a lesser burden, both substantially and procedurally, than a motion to dismiss. See Reyno v. Piper Aircraft Co., 630 F.2d 149 (3d Cir. 1980), rev'd on other grounds, 454 U.S. 235 (1981). Section 1404(a) is intended to enlarge common law power under the doctrine of *forum non conveniens*; this section allows courts to grant transfers upon a lesser showing of inconvenience than is required at common law. See De Lay & Daniels, Inc. v. Allen M. Campbell Co., Gen. Contractors, Inc., 71 FRD 368 (D. S.C. 1976).

Questions concerning whether transfer of venue should be granted under 28 U.S.C. § 1404(a) depend upon the particular circumstances of each case. See Mills v. Colgate-Palmolive Co., 232 F. Supp. 577 (S.D.N.Y. 1964); Sell v. Greyhound Corp., 228 F. Supp. 134 (E.D. Pa. 1964). Variables render every motion to transfer unique. See Secs. & Exch. Com. v. Golconda Mining Co., 246 F. Supp. 54 (S.D.N.Y. 1965). Although 28 U.S.C. § 1404(a) mentions only three factors to consider in

determining whether to grant or deny a motion to transfer, the Court is not limited to those rather broad generalities, but may consider other factors which are subsumed by purpose of statute. See SEC v. Page Airways, Inc., 464 F. Supp. 461 (D. D.C. 1978).

In the current case, the relevant public and private factors concerning venue point to the District of Arizona. Plaintiff's claims, as explained above, arose in Arizona. The majority of the evidence, witnesses and files regarding the alleged breach are located in Arizona. The trial would be much more expeditious and inexpensive if the case were to come to fruition in the fora where these necessary elements are located. Plaintiff has not offered any reason for this Court to believe, nor does this Court have any independent reason to believe, that transferring venue would cause Plaintiff more than a negligible inconvenience. Plaintiff is an established corporation which would not suffer much financial hardship by having its officers travel to Arizona to complete this litigation. Plaintiff's choice of forum is, therefore, given less weight. See Oudes, 516 F. Supp. at 14. Likewise, Plaintiff's choice of forum is also given less weight because the District of New Jersey "has little connection with the operative facts of the lawsuit" aside from Plaintiff being a corporation of the forum State and corresponding with Defendant from the state. See Tischio, 16 F. Supp. 2d at 521. Finally, Defendant would be greatly inconvenienced by being forced to litigate in a forum in which it is not subject to personal jurisdiction, would require much hassle to assemble the necessities of litigation and removed from the acts it allegedly committed. Defendant, therefore, meets the lesser showing of inconvenience required by 28 U.S.C. §1404.

Thus, venue is transferred from the District of New Jersey to the District of Arizona.

III.   CONCLUSION

For the reasons stated, it is the finding of this Court that venue is transferred to the District of Arizona.  An appropriate Order accompanies this Opinion.

Dennis M. Cavanaugh, U.S.D.J.

Date:     July 25, 2008
Orig.:    Clerk
cc:       All Counsel of Record
          Hon. Mark Falk, U.S.M.J.
          File

12